FILED

APR - 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE
JUDICIAL DISTRICT OF COLUMBIA

CINEUS, KELLY,
    Petitioner/Plaintiff,

Vs.

ALBERTO GONZALES, ATTORNEY GENERAL FOR THE "UNITED STATES OF AMERICA,"

and

HARLEY G. LAPPIN, DIRECTOR OF BUREAU OF PRISONS,
    Respondent/Defendant

Case: 1:08-cv-00606
Assigned To : Collyer, Rosemary M.
Assign. Date : 4/7/2008
Description: Habeas Corpus/2255

ADMINISTRATIVE
AND
QUASI-judicial
notice

BEFORE THIS HONORABLE COURT:

COMES NOW, Cineus Kelly, the Petitioner, and submits this Judicial Notice to appraise the court of the following, by and through said notice:

1.

Subsection §2255, of Title 28 of the United States Code, is inapplicable and without the force or effect of law where it is shown not to have been enacted by Congress, into Federal Law. The Congressional Record, Vol-94-Part 7 ( June 15, 1948 to June 19, 1948) page. 8229-9169, and Vol. 94-Part 8, (July 26, 1948 to December 31, 1948) reveal that Congress was not assembled in session on the date(s) that Title 3,6,21,28 and 46 are purported to have been enacted into law by Congress.

///// - 1 SHOW CAUSE

2

2.

The United States District Court, where the cause herein complained of, arose, is shown to be an Executive Tribunal, without Article III Judicial Authority. This assertion is supported by consulting Supreme Court Rule 45, The Revised Statutes of 1878, The Judiciary Act of March 3, 1911, Executive Order 6166, Balzac v. Porto Rico, (1922). Mookine v. United States, (1938). Thus, not authorized to entertain the cause now before the court.

3.

Thus, the court in similar matters (Common Law Writ of Habeas Corpus), Appears to be resorting to inapplicable statutory provisions to remove the cause to a court which the court knows lacks the authority under Article III to entertain the matter. Thereby, the sustainment of an unlawful conviction and term of imprisonment via subterfuge and non-compliance with the law (a Malum in se Crime?) whereby the Accused/Petitioner is deprived a remedy in law to a grievance.

4.

It is the following, and following reasons that the Petitioner has brought his instant cause under the common law, Writ of Habeas Corpus, and invoked the venue and jurisdiction of an Article III Constitutional Court.

5.

It is thereby incumbent upon this court, in the interest of justice by and through this Judicial Notice, as a neutral party between both Petitioner And Respondent upon its own motion to issue an **Order TO SHOW CAUSE** to the Respondent why a Writ of Habeas

///// - 2 SHOW CAUSE

Corpus should not issue, in their "showing" based upon the facts and points raised in the petition.

Date: 02-13-2008                                         Respectfully Submitted

                                                         *[signature]*

///// - 3 SHOW CAUSE